UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA, )
)
v. ) CR419-014
)
ARSINIO ROBINSON, )
)
Defendant. )

# ORDER

Defendant Robinson is charged with one count of distribution of a controlled substance (cocaine base), in violation of 21 U.S.C. § 841. *See* doc. 1 (Indictment). In discovery, the Government produced a video recording that purportedly captured a confidential informant (CI) purchasing drugs from Robinson on March 7, 2018. *See* doc. 22 at 1; *see also* doc. 38 at 1-2. Both parties agree that the video was recorded by a body-worn camera provided to the CI by law enforcement. *See* doc. 22 at 1; doc. 38 at 1. Robinson challenges the admissibility of the recording, arguing that a discrepancy between the date of the alleged purchase and the video's internal date/time stamp precludes its authentication pursuant to Fed. R. Evid. 901. He also questions whether he can be positively identified in the video. Doc. 22 at 2-3. The Court held a hearing on the motion on June 6, 2019. Docs. 47, 48.

As a preliminary matter, the Government disputes that Robinson's arguments challenging the recording are proper subjects of a suppression motion. *See* doc. 38 at 3-4. The Government correctly points out that suppression is the proper remedy for evidence that was illegally collected. *Id.* at 4 (citing Fed. R. Crim. P. 12, Advisory Committee Note; *United States v. Mescher*, 1991 WL 224270 at * 2 (S.D. Ohio Oct. 28, 1991)). Robinson's challenge, as discussed below, does not suggest any statutory or constitutional defect in the method of collection. Although Robinson's motion is not technically a motion to suppress, courts have reconstrued similar motions as motions *in limine* and proceeded to consider admissibility. *See United States v. Bereznak*, 2018 WL 1993904 at * 4 (M.D. Pa. April 27, 2018) (citing, *inter alia*, *United States v. Wilk*, 572 F.3d 1229, 1236 (11th Cir. 2009)). At the hearing, defense counsel conceded that the motion was properly a motion *in limine* and consented to its recharacterization.

As a motion *in limine*, the Government need only make a *prima facie* showing of reliability prior to the evidence's admission at trial. *See* Fed. R. Evid. 901; *see also United States v. Belfast*, 611 F.3d 783, 819 (11th Cir. 2010). The recording's admissibility depends upon "the

competency of the operator [of the recording device], the fidelity of the recording equipment, the absence of material deletions, additions, or alterations in the relevant portions of the recording, and the identification of the relevant [individuals]." *United States v. Biggins*, 551 F.2d 64, 66 (5th Cir. 1977); *see also United States v. Sarro*, 742 F.2d 1286, 1292 (11th Cir. 1984) (adopting *Biggins* test for authentication of audio recording).

Robinson's principal challenge to the admissibility of the video is the undisputed fact that the internal date/time stamp on the video reads "June 3, 2013." Doc. 22 at 2. At the hearing, the Government called Savannah Police Department Detective Eric Smith, the agent in charge of the controlled buy. Detective Smith testified that he was responsible for setting up and starting the recording device. He had been using similar equipment since 2015. He further testified that he had used the particular recording device at issue in past operations, and it had proven reliable. He further testified that, at the time the video was recorded, he was unable to set the device's time and date correctly. He had since contacted the device's manufacturer and corrected the issue. Finally, he testified that he reviewed the recording and it was consistent with the

3

other surveillance (visual and via an open cell-phone connection) of the events.

Detective Smith's unrebutted and fully credible testimony is adequate to admit the recording. Even assuming that the incorrect date/time stamp creates a doubt about the video's accuracy, Detective Smith's testimony resolves it. In similar circumstances, the Eleventh Circuit has recognized the adequacy of such testimony. *See United States v. Capers*, 708 F.3d 1286, 1305-06 (11th Cir. 2013) (recording properly admitted where agent "testified that he supplied the CI with the audio-only and audio/video equipment on [the date at issue] and that [it] was operating correctly."). Based on that testimony, the Government has borne its *prima facie* authentication burden. Any further dispute about the contents of the recording are left for the factfinder. *See United States v. Caldwell*, 776 F.2d 989. 1001-02 (11th Cir. 1985) ("Authentication or identification under [Fed. R. Evid.] 901 merely involves the process of presenting sufficient evidence to make out a *prima facie* case that the proffered evidence is what it purports to be. Once that *prima facie* showing has been made, the evidence should be admitted, although it

remains for the trier of fact to appraise whether the proffered evidence is in fact what it purports to be.").

Accordingly, Robinson's motion *in limine* to exclude the video recording is **DENIED**.

**SO ORDERED,** this 3rd day of July, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA